No. 14-56615 [D.C. 2:13-cv-02605]
_____

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT
_____

SIGITAS RAULINAITIS

Plaintiff-Appellant

v.

VENTURA COUNTY SHERIFF'S DEPARTMENT

Defendant-Appellee
_____

**MOTION TO TAKE JUDICIAL NOTICE BY APPELLEE
VENTURA COUNTY SHERIFF'S DEPARTMENT**
_____

On Appeal from the United States District Court
For the Central District of California
Hon. Margaret A. Nagle
_____

LEROY SMITH, CSB 107702
County Counsel, County of Ventura
MARINA PORCHE, CSB 162809
Assistant County Counsel
800 South Victoria Avenue, L/C #1830
Ventura, California 93009
Telephone: (805) 654-2583
Fax: (805) 654-2185
E-mail: marina.porche@ventura.org

## I. THE SHERIFF'S MOTION TO TAKE JUDICIAL NOTICE OF FOUR LEGISLATIVE HISTORY DOCUMENTS

Under Federal Rule of Evidence 201 and in connection with Appellee Ventura County Sheriff Department's ("the Sheriff") responding brief electronically filed on December 9, 2015, the Sheriff requests the court to take judicial notice of the following four documents pertaining to the legislative history of California Penal Code section 12050, which was the precursor to California Penal Code section 26150:

Exhibit 1: Enrolled Bill Memorandum to Governor for Senate Bill 1272, dated August 20, 1969, authenticated at pages 2 and 57 of Exhibit 5.

Exhibit 2: California Bill Analysis, A.B. 2022, amended in Senate August 19, 1998 [August 20, 1998 Senate Floor Analyses], printed from the Web site address of www.leginfo.ca.gov/bilinfo.html.

Exhibit 3: Memorandum dated August 11, 1969, from Thomas C. Lynch, California Attorney General, and Charles A. Barrett, Assistant Attorney General to California Governor Ronald Reagan, authenticated at pages 2 and 58 of Exhibit 5.

Exhibit 4: Letter dated August 8, 1969, from D. Lowell Jensen, District Attorney of Alameda County, by Carl W. Anderson, Deputy District Attorney, to California Governor Ronald Reagan on behalf of the California Peace Officers'

Association and the District Attorneys' Association of California, authenticated at pages 2 and 62-63 of Exhibit 5.

Also enclosed for court review in Exhibit 5 is the declaration dated May 9, 2016, of Jenny S. Lillge, an attorney employed with the Legislative Intent Service, Inc., regarding the legislative history of Senate Bill 1272 of Chapter 1188, Statutes of 1969, among other bills, and including all referenced exhibits. Ms. Lillge's declaration authenticates Exhibits 1, 3 and 4, above, as well as authenticating other legislative history materials.

Exhibit No. 2 is published online and is available for public review at the following governmental Web site address maintained by the California Legislative Counsel regarding bill history and analysis: www.leginfo.ca.gov/bilinfo.html.

The Sheriff does not request this court to take judicial notice of all the legislative history documents attached to Ms. Lillge's declaration. Rather, the Sheriff is providing Ms. Lillge's declaration and all referenced exhibits as background information should any member of the court wish to review a more comprehensive legislative history than that explicitly considered in the district court's summary judgment orders in the record below. (ER 156-158, SER 21-23.)

/ / /

/ / /

## II. IT IS APPROPRIATE FOR THE COURT TO TAKE JUDICIAL NOTICE ON APPEAL

Because "[t]he court may take judicial notice at any stage of the proceeding" (Fed. Rules Evid., rule 201(d)), judicial notice may be taken for the first time on appeal. Matters not otherwise included in the record on appeal may be considered by the appellate court, and appellate courts have the same power as trial courts to take judicial notice of a matter properly subject to such notice. (*Aramark Facility Services v. Service Employees Intern. Union, Local 1877, AFL CIO* (9th Cir. 2008) 530 F.3d 817, 826, fn. 4 ("*Aramark*") [noting that both parties and amicus cite various agency and legislative materials that were not part of record, and treating such citations as requests for judicial notice, and granting requests].)

The Ninth Circuit has repeatedly taken judicial notice of matters capable of accurate and ready determination. "[I]t is nonsense to suppose that [the court of appeals is] so cabined and confined that [it] cannot exercise the ordinary power of any court to take notice of facts that are beyond dispute. . . . [¶¶] . . . [A]n appeals court could not function if it had to depend on proof in the record of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" (*Singh v. Ashcroft* (9th Cir. 2004) 393 F.3d 903, 905-906 ("*Singh*") [taking judicial notice on appeal of existence of intelligence agency

3

situated in Office of India's Prime Minister, notwithstanding lack of corroborative evidence regarding such agency in administrative record of Board of Immigration Appeals].)  "Judicial notice is appropriate in exactly this circumstance – to ensure that administrative or judicial ignorance is not insulated from review through hyper-technical application of the general rule that the court can consider only evidence considered by the Board." (*Singh*, *supra*, 393 F.3d at p. 907; see also *Eneh v. Holder* (9th Cir. 2010) 601 F.3d 943, 947 [court of appeals took judicial notice of existence of Nigeria Decree 33, although appellant's documentary evidence did not explicitly address Decree 33]; *Papai v. Harbor Tug and Barge Co.* (9th Cir. 1995) 67 F.3d 203, 207, fn. 5 [noting that judicial notice may be taken at any stage of the proceeding including on appeal], revd. on other grounds by *Harbor Tug and Barge Co. v. Papai* (1997) 520 U.S. 548, 553 [117 S.Ct. 1535, 137 L.Ed.2d 800].)

Similarly, in *Trigueros v. Adams* (9th Cir. 2011) 658 F.3d 983, 987, the court of appeals took judicial notice of state court records that had not been lodged with the district court, and in *U.S. v. Camp* (9th Cir. 1984) 723 F.2d 741, 743-744, the court of appeals took judicial notice of a belatedly submitted Attorney General order that had not been presented to the trial court.

/ / /

/ / /

## III. THE LEGISLATIVE HISTORY MATERIALS TO BE NOTICED ARE DIRECTLY RELEVANT TO THIS APPEAL DUE TO THE DISTRICT COURT'S, SHERIFF'S AND APPELLANT'S CONSIDERATION OF THESE SPECIFIC LEGISLATIVE HISTORY MATERIALS IN THE RECORD BELOW

The district court's operative summary judgment order, dated September 30, 2014, discussed the legislative history documents set forth in Exhibits 1 through 4 (ER 156-158), as did the district court's earlier summary judgment order dated December 31, 2013 (SER 21-23), which stated in pertinent part: "Neither party addressed the legislative history of Section 26150 in their briefing. The Court has conducted its own research on this issue, and copies of the legislative history documents for Senate Bill 1272 discussed herein were obtained by the Court from the California State Archives." (SER 23, fn. 10.) The same legislative history documents were also referenced and quoted by the Sheriff in its subsequent briefing dated June 3, 2014. (ER 36-38.) In addition, the appellant quoted from Exhibit 3 in his subsequent briefing to the district court dated June 3, 2014. (ER 130.) At no time did appellant dispute the accuracy of the cited legislative history materials. Finally, these same legislative history materials are also referenced and quoted by the Sheriff in its responding brief to this court at pages 25 through 28.

5

As a result, the legislative history materials to be noticed in Exhibits 1 through 4 are directly relevant to this appeal and were explicitly considered by the court below. The Sheriff's instant motion for judicial notice does not expand upon the arguments presented to, or considered by, the district court. The record below already reflects the district court's judicial notice of referenced portions of Exhibits 1 through 4 (ER 156-158, SER 21-23), without the documents themselves being filed with the district court or being included in the excerpt of record or supplemental excerpt of record.

Accordingly, the Sheriff is filing the instant motion to take judicial notice in order to provide the underlying documents in Exhibits 1 through 4 to the court should any member of this court wish to review source material for the Sheriff's, appellant's or the district court's citations to legislative history. The Sheriff only requests judicial notice of those specific portions of Exhibits 1 through 4 that were explicitly referenced or quoted by the Sheriff, appellant or the district court in the record of the below proceedings. (ER 36-38, 130, 156-158, SER 21-23.)

/ / /

/ / /

/ / /

/ / /

## IV. LEGSLATIVE HISTORY IS A PROPER SUBJECT OF A MOTION FOR JUDICIAL NOTICE

The Ninth Circuit has held that legislative history is properly a subject of judicial notice. (*Arce v. Douglas* (2015) 793 F.3d 968, 973, fn. 4 [taking judicial notice of state legislative history materials pursuant to Fed. Rules Evid., rule 201(b)]; *Anderson v. Holder* (9th Cir. 2012) 673 F.3d 1089 [granting judicial notice of excerpts of Senate Report]; *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, 1223, fn. 8 [granting judicial notice of legislative history of California Penal Code § 148.6, citing Fed. Rules Evid., rule 201(b)].) A court may observe the existence of legislative facts because of their relevance to the court's "legal reasoning" and interpretation of the "lawmaking process." (*Sachs v. Republic of Austria* (9th Cir. 2013) 737 F.3d 584, 596, fn. 10, reversed on other grounds by *OBB Personenverkehr AG v. Sachs* (2015) ___ U.S. ___ [136 S.Ct. 390, 397, 193 L.Ed.2d 269]; *Aramark, supra*, 530 F.3d at p. 826, fn. 4.)

Moreover, the court of appeals may take judicial notice of official information posted on a governmental Web site, the accuracy of which is undisputed. (*Arizona Libertarian Party v. Reagan* (9th Cir. 2015) 798 F.3d 723, 727, fn. 3 [court of appeals took judicial notice of online voter registration application]; *Dudum v. Arntz* (9th Cir. 2011) 640 F.3d 1098, fn. 6. [court of appeals took judicial notice of city's

official election results]; *Daniels-Hall v. National Educ. Ass'n* (9th Cir. 2010) 629 F.3d 992, 998-99 [court of appeals took judicial notice of school district website lists of approved vendors].) In addition, published government reports are a matter of public record and are also proper subjects of judicial notice. (*Rusak v. Holder* (9th Cir. 2013) 734 F.3d 894, 898.)

No federal rule of evidence prohibits judicial notice of legislative facts. According to the Notes of Advisory Committee on Proposed Rules for Federal Rules of Evidence 201(a) ("Notes of Advisory Committee"): "[Rule 201] is the only evidence rule on the subject of judicial notice. It deals only with judicial notice of 'adjudicative' facts. No rule deals with judicial notice of 'legislative' facts." "Legislative facts . . . are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." (Fed. Rules Evid., rule 201(a), Notes.) According to the Notes of Advisory Committee, "the view which should govern judicial access to legislative facts" "renders inappropriate any limitation in the form of indisputability, any formal requirements of notice other than those already inherent in affording opportunity to hear and be heard and exchanging briefs, and any requirement of formal findings at any level." (*Ibid.*)

8

Here the documents contained in Exhibits 1 through 4 were explicitly referenced by the district court in its summary judgment orders (ER 156-158, SER 21-23). Exhibits 1 through 4 were authenticated by the district court's statement that they were obtained from the California State Archives (SER 23, fn. 10), and Exhibits 1 through 4 can be also be accurately and readily determined from other sources whose accuracy cannot reasonably by questioned. (See Fed. Rules Evid., rule 201(b)(2).) Exhibits 1, 3 and 4 are authenticated by the declaration of Jenny Lillge in Exhibit 5. Exhibit 2 is published online and publicly available at a governmental Web site maintained by the California Legislative Counsel.

## V. STATEMENT OF OPPOSING PARTY'S POSITION

Appellant opposes the Sheriff's motion to take judicial notice. (Declaration of Marina Porche, Exhibit 6, internal Exhibit. A.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## VI. CONCLUSION

For the above-stated reasons, the court should grant this motion to take judicial notice.

                                      Respectfully submitted,

                                      LEROY SMITH
                                      County Counsel, County of Ventura

Date:  May 17, 2016            /s/  Marina Porche_____
                                      MARINA PORCHE, CSB # 162809
                                      Assistant County Counsel
                                      Office of County Counsel
                                      800 South Victoria Avenue, L/C # 1830
                                      Ventura, California 93009
                                      Telephone:  (805) 654-2583
                                      Fax:        (805) 654-2185
                                      marina.porche@ventura.org
                                      Attorneys for Defendant-Appellee
                                      Ventura County Sheriff's Department

# CERTIFICATE OF FILING AND SERVICE

I certify that on May 17, 2016, I electronically filed the foregoing MOTION TO TAKE JUDICIAL NOTICE BY APPELLEE VENTURA COUNTY'S SHERIFF DEPARTMENT with the Clerk of the United States Court of Appeals.

I also served the foregoing MOTION TO TAKE JUDICIAL NOTICE BY APPELLEE VENTURA COUNTY'S SHERIFF'S DEPARTMENT on:

JONATHAN W. BIRDT
Law Office of Jonathan W. Birdt
18252 Bermuda Street
Porter Ranch, California 91326
(818) 400-4485


On May 17, 2016, by mailing to said attorney a correct copy thereof, contained in a sealed envelope, with postage paid, and deposited in the U.S. mail at Ventura, California on said day.


                                      /s/ Marina Porche_____
                                      MARINA PORCHE, CSB # 162809
                                      Assistant County Counsel
                                      Attorney for Defendant-Appellee
                                      Ventura County Sheriff Department



Page 1 – CERTIFICATE OF SERVICE